SOCONY MOBILE OIL CO., INC. *vs.* SUPERIOR COURT FOR THE COUNTY OF PROVIDENCE.

MARCH 5, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J. This is a petition for certiorari seeking to quash the decision of a superior court justice overruling the petitioner's demurrer to a bill of complaint in which the petitioner was named as one of several respondents. The

bill was brought pursuant to G. L. 1956, §6-13-6, of the Unfair Sales Practices Act. Pursuant to the writ the superior court duly certified the pertinent records to this court for our inspection.

It appears therefrom that petitioner is a New York corporation licensed to do business in Rhode Island and is regularly engaged in the sale at wholesale of gasoline under the trade name "Mobil"; that petitioner was joined as a respondent in a bill of complaint brought by Tidewater Oil Company, hereinafter sometimes referred to as Tidewater or the complainant, a Delaware corporation; that also joined as respondents were Gulf Oil Corporation, a Pennsylvania corporation, and Shell Oil Company, a Delaware corporation, herein sometimes referred to as the respondents; and that all the parties are duly licensed to do business in this state and are engaged in the sale of gasoline at wholesale.

The provisions of §6-13-6 are as follows:

"Upon the complaint of any person the superior court shall have jurisdiction to restrain and enjoin any act forbidden or declared illegal by any provisions of this chapter; and it shall be the duty of the attorney-general of this state to enforce, and restrain the violation of, said sections of this chapter."

The bill alleges, on information and belief, that each respondent is selling its regular gasoline at wholesale below cost with the intent to injure complainant Tidewater and others similarly situated as competitors in the sale of gasoline at wholesale in this state and for the purpose of destroying competition, in violation and contravention of the requirements of chap. 13 of title 6 of G. L. 1956. By that chapter the general assembly has declared to be against public interest the sale at wholesale or retail of any item of merchandise at less than cost with the intent to injure competitors or destroy competition. The scope of such re-

strictions, however, is not before us in these proceedings and need not therefore be related in detail.

The petitioner demurred to the bill on numerous grounds, two of which are that the bill contains a misjoinder of causes of action (multifariousness) and a misjoinder of parties respondent (multiplicitousness). The trial justice overruled the demurrer and petitioner appealed to this court by way of certiorari. It acknowledges that this remedy would not be available if the questions could be fairly adjudicated on a claim of appeal. However, petitioner contends that, because error inherent in the overruling of its demurrer cannot be corrected after trial since the grounds enumerated above pertain to and vitally affect the conduct of such trial, certiorari is the only procedure open to it in the circumstances.

Obviously, it argues, if it were to proceed to a hearing on the bill jointly with the other respondents, a review of its grounds for demurrer thereafter would be ineffective if not moot. We are persuaded that, in these circumstances, the writ of certiorari properly issued.

The petitioner contends, as we understand it, that the bill is multifarious in that it charges petitioner with the commission of several acts which are in violation of chap. 13 of title 6 and enjoinable thereunder, assuming the validity of the legislation in question. Although petitioner cites numerous cases in this and other jurisdictions, we do not find any allegation in the bill whereby evidence could be offered to charge petitioner with anything more than the prohibited sale of its product at a price below cost. Whether the proof offered tends to show but a single such sale or repeated sales is immaterial. The gravamen of the statutory restriction is the sale below cost with the intent to injure competitors or destroy competition. The statute provides that any such sale shall be prima facie evidence of intent and while the number of sales and period of time

over which they were made may have a bearing on intent, a single or multiple sale constitutes, within the purview of the statute, a single cause for complaint.

The petitioner's argument that by joining the respondents the court would be powerless to effectuate the mandate of the statute, namely, restraining or enjoining any act forbidden or declared illegal by any provisions of chap. 13 of title 6, lacks persuasiveness. Its reliance on the cases cited, especially *Chafee* v. *Quidnick Co.*, 13 R. I. 442, and *Ball* v. *Ball*, 20 R. I. 520, is not well founded. Indeed, a careful reading of these cases reveals that they might well be cited favorably toward Tidewater's position, when the circumstances therein related are compared with those here present. We perceive no difficulty with the entry of a single decree setting forth the findings and providing for the appropriate orders of the chancellor as they are applicable to each respondent. See 1 Pomeroy, Eq. Jur. (5th ed.), §115, p. 154. In our judgment, therefore, there is no merit in the allegation that the bill is so multifarious as to render it demurrable.

More complex, however, is the allegation that the bill is multiplicitous in that it joins three respondents charged with separate violations and not acting in concert. The trial justice, in reaching his decision, relied heavily on *New York & N. H. R. R.* v. *Schuyler*, 17 N. Y. 592.

There, the complainant joined as respondents all of the holders, numbering some 326 persons, of spurious stock certificates issued by the president and transfer agent of the complainant corporation. It was a bill to quiet title and prevent a multiplicity of suits by the holders of the fraudulently issued stock against the complainant. The court overruled a demurrer to the joining of all holders of the fraudulent stock, stating at page 603: "The mere joinder of too many persons as defendants, when there is no misjoinder of subjects, is not a ground of demurrer by any one

of them against whom the complaint sets forth a good cause of suit."

The petitioner, however, argues that this decision was subsequently sharply criticized in *New York & N. H. R. R. v. Schuyler,* 34 N. Y. 30, and for this reason urges us to place no reliance upon the former decision. An examination of the later case, however, discloses that, in what petitioner refers to as "a warning," the court was not addressing itself to the issue of misjoinder. It appears that in the original suit the chancellor not only granted a measure of the relief prayed for by the complainant, but also granted a measure of relief to the respondents. It was to this action that the court stated at page 46:

> "While, therefore, it was, in one aspect, a suit to remove a cloud upon a title and cancel the instruments creating such cloud, it had a far reaching and broader scope under which the plaintiffs hoped and intended to secure a judgment that would put at rest forever all possible claims against them, growing out of the Schuyler frauds. If it could be maintained to extinguish such claims, surely it can be to uphold them. The court did not err in so adjudging, if, while investigating the facts upon which the plaintiffs sought relief, it found that the same facts that entitled them to a part of what they sought also entitled the defendants to relief against them; and it was no undue stretch of equity jurisdiction to award the relief to both in the same action."

The petitioner further contends, however, that if it is forced to defend itself in the same suit with the other respondents, it will be necessary to exchange confidential information about the costs of all parts of its operations with its competitors. This, it argues, may possibly expose the respondents to prosecution under the Sherman Act and related federal laws.

Assuming that petitioner's fears as to federal antitrust prosecution have some basis in law, we are at a complete loss in following its contention that the joining of all re-

spondents would necessitate an exchange of confidential information in preparing its defense prior to trial or in presenting its defense during the course thereof. The bill does not aver that the respondents acted in concert. Indeed, the strong implication to be inferred from the averments is to the contrary. Why any mutuality of preparation or coordination of defenses is even desirable, much less necessary, completely escapes the imagination. We are convinced that there is no such necessity and petitioner expresses fears which it, by its own conduct, may render groundless.

The complainant, on the other hand, likens the instant proceedings to the circumstances which existed in a series of so-called nuisance suits, and cites in particular *Albaugh* v. *Abbott,* 253 Mich. 588. There, three separate individuals who maintained independent piggeries were joined in a single suit to abate the nuisance of an intolerable stench resulting from the odors of the combined piggeries. In reviewing their contention that it was improper for the three to have been joined in a single suit, the court rejected such contention, stating at page 592:

> "It was proper to join them, where, as it was shown, each one contributed to the nuisance. Had they not been joined each might have blamed the other for being the cause of the conditions described. They all contributed together towards causing the nuisance, and each one was severally guilty of the charges in the bill of complaint."

The petitioner argues that the *Albaugh* case and others of similar import are not in point for the reason that it was the combination of all defendants, or respondents, which brought about the net result complained of and for which equity would grant relief. Here, petitioner argues, no charge is made that it, together with Gulf Oil Corporation and Shell Oil Company, contributed to a common result, namely, a violation of the statute on the authority of which the instant cause was brought.

402

We have heretofore noted that no such complaint is made part of the bill, and proof that such is the case would not be admissible. However, the complainant, as we have heretofore observed, considers the cases on which it relies as analogous in the sense that, unless joined, each respondent, in separate suits, might claim that its action was predicated on prior practices of the others.

Considering the evil that the legislature intended to guard against by the enactment of chap. 13 of title 6, namely, the preservation of competition by prohibiting sale below cost only as a practice which would tend to destroy competition, we think the analogy sound. The chapter does not prohibit the sale below cost as such, but only when such sales are intended to injure or destroy competition. In separate trials, each respondent could freely admit that it had indeed sold below cost as defined in §6-13-1, but for the purpose of preserving competition by reason of similar sales previously made by its competitors. This would indeed be an anomalous situation.

In our judgment, therefore, the respondents were properly joined and the decision of the trial justice in overruling the petitioner's demurrer was not erroneous.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the superior court with our decision endorsed thereon.

*Tillinghast, Collins & Tanner, Edwin H. Hastings,* for petitioner.

*Edwards & Angell, James K. Edwards, Paul J. Choquette, Jr., and Hecht, Hadfield, Farbach & McAlpin* (New York. N. Y.), for Tidewater Oil Company.