267 A.2d 702.

CATALINA, INC. *et al. vs.* P. ZWETCHKENBAUM & SONS, INC. COLE OF CALIFORNIA, INC. *vs.* DU MOR DEPARTMENT STORES, INC.

JULY 24, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. The plaintiffs, manufacturers of women's swimsuits, beachwear and sportswear, brought these companion actions under G. L. 1956, ch. 13 of title 6, commonly known as the Unfair Sales Practices Act, and hereinafter sometimes referred to as the Act, to enjoin the defendant retailers from selling at retail goods manufactured by the plaintiffs below cost in violation of the Act. Each complaint contains two counts charging defendants with violating the provisions of the Act. The first count charges defendants with sales below cost, and the second charges a conspiracy between defendants to obtain and sell the goods below cost. The relief sought in each count is an injunction against further violations of the Act.

In each case, defendants moved, pursuant to Super. R. Civ. P. 12 (b) (6), to dismiss the complaints on the grounds that plaintiffs were not the proper parties to bring the actions and the complaints therefore failed to state a claim upon which relief could be granted. The defendants based their motions to dismiss specifically on the ground that, since these actions were brought under the Unfair Sales Practices Act, under §6-13-6 thereof they should have been brought by the Attorney General of this state and not by plaintiffs.

After hearing arguments of counsel a justice of the Su-

perior Court granted defendants' motions to dismiss, and thereafter orders were entered granting defendants' motions and dismissing the two complaints. The cases are before this court on plaintiffs' appeals from those orders.

These appeals raise the same two questions, namely:

(1) whether a manufacturer of goods sold below cost in violation of the Unfair Sales Practices Act is a proper party to bring an action under §6-13-6 to enjoin such sales against the retailers who sold such goods; and

(2) whether a manufacturer of goods sold below cost in violation of the Act is a proper party to bring an action under §6-13-6 or under the independent equitable jurisdiction of the Superior Court to enjoin a conspiracy between retailers to obtain and sell such goods in violation of the Act.

## I

The issue of whether a manufacturer is a proper party to bring an action against a retailer for injunctive relief under §6-13-6 is a question of first impression in this state. Although two cases involving this Act have been before us in recent years,[1] the question of who is a proper party to bring an action under §6-13-6 was not an issue in either case. Section 6-13-6 reads as follows:

"Enforcement of chapter.—Upon the complaint of any person the superior court shall have jurisdiction to restrain and enjoin any act forbidden or declared illegal by any provisions of this chapter; and it shall be the duty of the attorney-general of this state to enforce, and restrain the violation of, said sections of this chapter."

The plaintiffs contend that the language of §6-13-6 is clear; that it permits "any person" to bring an action to

---

[1]For a discussion of the purposes of the Act, see the two cases: *Socony Mobil Oil Co. v. Superior Court*, 97 R. I. 396, 402, 198 A.2d 44, 47, and *Avella v. Almac's, Inc.*, 100 R. I. 95, 103-104, 211 A.2d 665, 671.

enjoin violation of the Act; that the portion of §6-13-6 after the semicolon obligates the Attorney General to enforce the Act by criminal prosecution or action for injunction or both; and that the statutory obligation of the Attorney General to enforce and restrain violations of the Act does not impair or negate the right given under the first clause to "any person" to bring an action in the Superior Court seeking an injunction only.

In support of their position plaintiffs point out that, although similar statutes have been enacted in many states, no decision has been found in any state barring the enforcement of its unfair sales practices statute on the ground that enforcement is reserved to the Attorney General. They refer to certain cases in other states in which, although this issue was not raised, private parties were granted injunctions against violation of the statutes in those states. See *McElhone* v. *Geror*, 207 Minn. 580, 292 N.W. 414; *Associated Merchants* v. *Ormesher*, 107 Mont. 530, 86 P.2d 1031; *Wholesale Tobacco Dealers Bureau of So. California, Inc.* v. *National Candy and Tobacco Co.*, 11 Cal. 2d 634, 82 P.2d 3; and *Rust* v. *Griggs*, 172 Tenn. 565, 113 S.W.2d 733.

They next refer to our own cases, *Avella* v. *Almac's, Inc.*, 100 R. I. 95, 211 A.2d 665, and *Socony Mobil Oil Co.* v. *Superior Court*, 97 R. I. 396, 198 A.2d 44. They point out that the Attorney General did not participate in either of those cases as a party or as amicus. They also note that in neither case did this court call upon the Attorney General to participate as amicus, as they claim this court would probably have done if it felt that private enforcement of the statute might be reserved to the Attorney General. They argue that this court would not have answered certified constitutional questions, as it did in *Avella*, if it had any doubt of the propriety of private enforcement of the Act. The plaintiffs conclude that these

two cases indicate that this court has impliedly held that a private party may enforce the Act by seeking injunctive relief under §6-13-6. The truth is that this issue, not having been brought to the attention of the court in those cases, was neither considered nor decided by it impliedly or otherwise.

The prevention and elimination of unfair competition is the motivating force in the enactment of unfair sales practices acts and the constitutional basis which sustains such acts. *Avella, supra,* at 103-104, 211 A.2d at 671. The enactment of unfair sales practices acts are based upon the exercise of the police power. The legislature unquestionably has the power to vest private persons with the power to bring actions to enjoin violations of the Act, and it is not within the power of this court to question the wisdom of the legislature in so doing. There is nothing unreasonable in giving private persons the right to prevent unfair competition by seeking relief in the Superior Court. Giving such persons this right is consonant with the legislative intent. In enacting §6-13-6 the legislature did two things: (1) it gave to "any person" the right to go to the Superior Court for relief "to restrain and enjoin any act forbidden or declared illegal by any provisions of" the Act, and (2) it obligated the Attorney General of this state to enforce the provisions of the Act by criminal prosecution or civil action for injunction or both.

The plaintiffs, as manufacturers of the items involved in these cases, clearly have an interest in the subject matter of this litigation and therefore have standing to bring these actions. We hold, therefore, that plaintiffs were proper parties to bring these actions under §6-13-6. On this record we are not called upon to decide whether the Act requires a showing that the alleged violations may adversely affect or cause them irreparable damage. Compare *Fournier* v. *Troianello,* 332 Mass. 636, 127 N.E.2d 167.

The defendants contend strenuously that under the Act only the Attorney General of this state can bring an action under §6-13-6. In view of our conclusion that plaintiffs have standing, it will serve no useful purpose to discuss all of defendants' contentions. We shall, however, discuss briefly some of the arguments made by them.

The defendants argue that since the adoption of the Rules of Civil Procedure of the Superior Court in January 1966, the word "complaint" has taken on new meaning; that consequently the language "Upon the complaint of any person" should not be interpreted to mean that any person can commence an action under §6-13-6 by filing a complaint in the Superior Court; and that the second clause makes it obligatory upon the Attorney General to enforce the Act and restrain any violations thereof.

The defendants further argue that the reasonable alternative interpretation is that the Superior Court shall have jurisdiction of actions brought under the Act; that it is the duty of the Attorney General to enforce criminally and restrain civilly actions thereunder; that, however, the Attorney General cannot institute an action in Superior Court until a "person" has brought a "complaint" to his attention; and that if for some reason the Attorney General does not act in accordance with the duty imposed upon him by §6-13-6, the complaining person can bring an action in mandamus to compel the Attorney General to perform his clear and unequivocal duties under §6-13-6.

The defendants next discuss alternative statutory language which they state was available to the legislature if it intended to permit private parties to commence suit under §6-13-6. They then argue that the section must be read as a whole and that, when so read, it clearly indicates the legislature's intention to vest sole authority to commence a legal action under the Act in the Attorney General upon

"complaint" to him by "any person" that an alleged violation of the Act is occurring.

The defendants' foregoing arguments are not persuasive; they are reading into the Act a great deal more than the legislature enacted. If the legislature intended to make the Attorney General the only proper person to bring an action under the Act, it could have said, and it undoubtedly would have said, in clear and unequivocal language that the Attorney General, upon the complaint of any person, shall bring an action in the Superior Court to enforce the Act and to restrain violations thereof.

The defendants alternatively argue that, even if we reject their contention that only the Attorney General can bring an action under §6-13-6, in view of the purposes for which the Act was enacted, we should hold that plaintiffs still are not proper party-plaintiffs under §6-13-6. They point to the fact that the Act was intended to prevent unfair competition and they argue that, therefore, the parties who are directly injured by sales below cost are competitors; that consequently competitors are the natural and proper parties to bring actions under §6-13-6 (i.e., retailer against retailer, and wholesaler against wholesaler); that plaintiffs in these actions, unlike the plaintiffs in *Socony Mobil Oil Co.* and *Avella,* are not competitors, but manufacturers; and that the Unfair Sales Practices Act is the sole and exclusive statute intended to protect competitors from unfair competition resulting from sales below cost. On the view we take this contention is without merit.

The defendants' remaining contentions under Point I are, in our judgment, without merit and therefore require no discussion.

## II

Under Point II the parties have briefed and argued the question of whether plaintiffs were proper parties to bring an action under §6-13-6 or under the independent equitable

jurisdiction of the Superior Court to enjoin a conspiracy between retailers to obtain and sell goods under cost in violation of the Act. In view of the result we have reached in Point I, we do not believe it is necessary to consider the question raised under Point II.

For the reasons we have stated, we hold that the trial justice erred in granting the defendants' motions to dismiss.

In each case the plaintiffs' appeal is sustained; the orders appealed from are reversed, and the cases are remitted to the Superior Court for further proceedings.

*Edward S. Goldin, Samuel A. Olevson,* for plaintiffs.

*Aisenberg, Decof, and Dworkin, Alan T. Dworkin, Stanton V. Abrams,* for defendants.