Argued June 2, affirmed August 7, 1975

SIVERS CONSTRUCTION CO., *Appellant, v.*
UNITED STEEL CORPORATION, *Respondent.*

538 P2d 932

*Guy J. Rappleyea,* Portland, argued the cause for appellant. With him on the briefs were Black, Helterline, Beck & Rappleyea, Eric Sogge and Stephen E. Wehrly, Portland.

*John R. Bakkensen,* Portland, argued the cause for respondent. With him on the brief were Miller, Anderson, Nash, Yerke & Wiener, Fredric A. Yerke and David C. Culpepper, Portland.

DENECKE, J.

Plaintiff brought this action to recover damages suffered because of defendant's alleged violation of ORS 646.100(1)(a), prohibiting sales below cost.[1] The defendant demurred to plaintiff's second amended complaint on the ground that it failed to state a cause of action. The trial court sustained the demurrer and the plaintiff chose not to plead further. The plaintiff appeals from the judgment thereafter entered.

The facts to be considered are those alleged in the complaint. The plaintiff is in the general construction business. The defendant manufactures, fabricates, sells and erects steel products. The defendant contracted with plaintiff to sell and erect steel for the Bank of California building that the plaintiff was constructing. Defendant's contract price was less than defendant's cost. The defendant contracted for that price with the intent to injure or destroy competition in violation of ORS 646.100(1)(a).

The complaint further alleged that following the defendant's performance, plaintiff tendered the balance of the contract price to the defendant. The defendant, however, refused to accept this amount and brought an action for the difference between the con-

---

[1] The legislature repealed this statute in the last session. Oregon Laws 1975, ch 255, § 17.

tract price and the defendant's estimated cost of performing the work. Those proceedings were resolved in favor of the plaintiff.

The plaintiff alleged that it was damaged by being deprived "of the right to contract with a subcontractor who would have performed the subcontract for the bid price submitted to the plaintiff," by incurring costs in defending the lawsuit brought by the defendant, and by losing the use of money that the Bank of California, the building owner, withheld during the pendency of the defendant's lawsuit.

■ We affirm the judgment for the defendant on the ground that the plaintiff is not a party who may sue for damages for violation of the statute.

ORS 646.100 is part of a statutory scheme enacted during the depression, "Relating to unfair competition and discrimination." Oregon Laws 1937, ch 215, p 300. ORS 646.100 prohibits sales below cost made with the intent to injure a competitor or destroy competition. Another part of the statute prohibits price discrimination. ORS 646.040. Most states enacted similar legislation. Clark, *Statutory Restrictions on Selling Below Cost*, 11 Vand L Rev 105 (1957).

■ The purpose of prohibiting sales below cost is to prevent unfair competition accomplished by damaging or destroying a competitor or competition. 1 Callman, Unfair Competition, Trademarks and Monopolies (3d ed), 912, § 27.1.

ORS 646.140 provides: "Any person injured by any violation, or who will suffer injury from any threatened violation, * * * may maintain an action * * * to * * * enjoin the violation * * *[and] * * * is entitled to recover three-fold the damages by him sustained * * *."

When a seller has sold below cost with the intent to injure a competitor and has injured a competitor,

the competitor obviously is one of the persons the legislature intended should be able to bring an action. Interpreting fairly comparable statutory language, California held the state also could maintain an injunction suit "in the interest of public welfare." *People v. Centr-O-Mart,* 34 Cal2d 702, 214 P2d 378 (1950). A Court of Appeals held a private person could bring an injunction suit "for the public welfare." *Mering v. Yolo Grocery & Meat Market,* 127 P2d 985, 991 (Cal App 1942). The private person was not a competitor, but his relationship to the controversy was unstated.

Likewise, in *Catalina, Inc. v. P. Zwetchkenbaum & Sons, Inc.,* 107 RI 444, 267 A2d 702 (1970), the court permitted a noncompetitor to maintain an injunction suit. There, however, the plaintiff was the manufacturer of goods that it claimed the defendant retailer was selling below cost.

The parties have not referred us to any decision in which the court held a noncompetitor could bring an action for damages as distinguished from a suit for an injunction to protect the public welfare.

One author is of the opinion that the phrase in the statute, "Any person injured," may bring a suit to enjoin or a damage action was probably intended to make it possible for trade associations, as well as individual competitors, "to police the statute." 11 Vand L Rev, supra, at 125.

We are also influenced by the fact that the injuries allegedly suffered by the plaintiff are not injuries to a competitor and do not in any way tend to destroy competition. Plaintiff's injuries were not the kind of injuries that the statute was intended to prevent.

For these reasons we believe Callman is correct in stating:

"Unless action is instituted by a representative

of the public such as the Attorney General, or a Trade Commission, the plaintiff in a suit against selling below cost is the competitive seller. In this respect, the case differs from resale price maintenance which intermingles a competitive feature with the property interest of the trademark owner in protecting his goodwill. It is of prime importance that these statutes permit a competitor to institute action, whether or not he suffered loss, and that they also allow a representative suit by a trade association on behalf of a group of competitors injured or threatened with injury." 1 Callman, supra at 939-940.

Affirmed.