MEMORANDUM OF DECISION
This matter heretofore has been before the Court for decision with respect to a written motion filed by the Attorney General seeking to bifurcate the trial of this case and to sever therefrom third party claims asserted by some or all of the Defendants seeking contribution and/or indemnification. When that motion together with certain other motions came before the Court for argument on December 14, 2001 Plaintiff, (who in his written submission to the Court had reserved the right to modify the approach advocated for by him), suggested that the proper manner of trying this case involved not bifurcation, but rather severance of the contribution/indemnification third party complaints to be tried only as required following total disposition of Plaintiff's case-in-chief. Further, the Attorney General urged the Court to adopt an approach which would have the primary case tried in three distinct Phases. For sake of brevity the three Phases may be referred to as (i) Phase 1 — does the presence of lead pigment in paint and coatings in homes and public buildings constitute a public nuisance?, (ii) Phase 2 — all other claims by the Attorney General against Defendants with respect to the merits thereof and liability of the Defendants with respect to such claims as well as with respect to public nuisance if established in 1; (iii) Phase 3 — appropriate remedies by way of equitable relief and/or damages to the extent that Plaintiff prevails on one or more Counts.
On or about February 5, 2002 this Court ruled in a Bench Decision inter alia conditionally in favor of the position advocated for by the Attorney General and ordered as a condition to proceeding with Phase 1 that the Attorney General file ". . . within a reasonable period of time, . . . a statement with the Court and with all defense counsel, setting forth generally . . . the manner and means by which (the Attorney General) seeks to establish that which he contends should be the focus of the first portion of trial in this case (Phase 1)." Plaintiff's statement aforesaid was filed with the Court on or about February 13, 2002.
The Court further directed the parties to attempt to agree on a proposed Order with respect to the Court's Bench Decision and set the matter down for hearing on February 28, 2002 for settlement of that Order or competitive Orders submitted by the several parties if there was no agreed Order. No agreed Order was submitted. Proposed Orders were filed with the Court, one on behalf of the Attorney General and one on behalf of substantially all of the Defendants. Accompanying the Defendants' proposed Order was a Memoranda which in the view of this Court as expressed from the Bench at the hearing on February 28th, basically sought reconsideration of all or almost all of the issues resolved by the Court (it thought) in the February 5th Bench Decision. Following lengthy arguments and review by the Court of the Memoranda and the arguments, the Court on February 28th indicated that it would not alter its Bench Decision of February 5th; that it found the Orders proposed by the Defendants to be inconsistent with the Court's ruling and it found the Order presented by the Attorney General while essentially substantively correct and consistent with the Court's ruling of February 5th to be overly ambitious with respect to time frames therein established. At that time the Court announced the time frames it found appropriate and, in fact, these time frames have been incorporated in a Scheduling Order for Phase 1 Trial that this Court entered on or about March 4, 2002. The March 4th Order further provided that the Court would file on or about March 15, 2002 a written determination as to the reasons for declining to change its rulings. This Memorandum of Decision is the written determination contemplated by paragraph 2 of the Scheduling Order of Phase 1 Trial.
This Court declined to change or modify its February 5th rulings essentially based on (except as hereinafter set forth) nothing substantially different having been presented to the Court post the Court's February 5th Bench Decision. The Court determined then that the provisions of R.C.P. 45(b) which reads as follows:
 "(b) Separate Trials. Subject to the provisions of Rule 38(a), the court in furtherance of convenience or to avoid prejudice or when separate trials will be conducive to expedition and economy, may order a separate trial in the county where the action is pending or in a different county of any claim, cross-claim, counterclaim, or third party claim, or of any separate issue or of any number of claims cross-claims, counterclaims, third party claims, or issues. "
authorized a separate trial of any separate issue in furtherance of convenience and if separate trials would be conducive to expedition and economy. This Court stated then and reiterates now that this is a complex case which might but for application of the provisions of the last quoted Rule have a tendency to be confusing to a jury and recognizing both the Rule and the inherent power of this Court as a court of general jurisdiction to establish the order of trial in a case pending before it this Court exercised its discretion so as to segment the trial and to proceed with Phase 1 in the first instance.
As stated above, the Court subsequently has been shown nothing to dissuade it from that approach.
The Court notes, however, that the Defendants in their arguments to the Court (already categorized by this Court as an attempt to obtain reconsideration) leaped to that portion of the Rule quoted above which references the provisions of R.C.P. 38(a) which the Court, in fact, did refer to in its Bench Decision of February 5th. That provision preserves the right to trial by jury as set forth in article 1, section 15 of our Constitution or otherwise set forth in statutes and preserves that right "to the parties inviolate." From that, Defendants urge the Court to modify Phase 1 so as to include the claims asserted by the State as proprietor of buildings allegedly "infected" by lead pigment in paint or coatings and suggests to the Court that issue implicates, if not disposed of by dispositive motions, trial by jury. Essentially, the Defendants rely on the case of Maryland Casualty Co. v. Sasso, 98 R.I. 483, 492 (1964) and a succession of cases following, which established the proposition both prior to, and now subsequent to, the merger of law and equity in this jurisdiction through the adoption of the Rules of Civil Procedure that require "the Superior Court to submit to a jury any claims that could have been litigated in an action at law in 1843, even if the court is also asked to provide equitable relief in the first instance and then permanently after a trial." DiPardo Sons, Inc. v. Lauzon, 708 A.2d 172 (R.I. 1998). Further, Defendants tell the Court that if Phase 1 is tried as a bench trial that there is a strong possibility of inconsistent determinations in subsequent Phases particularly any Phase which deals with the other Counts asserted by Plaintiff which must be tried by a jury.
This Court has searched the record and fails to find anywhere where it has been asked to rule or where it has ruled that Phase 1 as contemplated by the Court's Order would be a bench trial as opposed to a jury trial. No motion has been filed by anyone with respect to that issue. No ruling, either direct or indirect, has been made by this Court with respect to that issue. This Court is mindful that Defendants are urging upon the Court that a jury be impaneled to deal with that issue as a matter of right in the Defendants. The Court notes that during the hearing on February 28th various attorneys made arguments on behalf of the Plaintiff. The Court notes that the transcript reflects that Attorney Leonard Decof at page 20, lines 1-6 and Deputy Attorney General Linn Freedman at page 62, lines 20-24 both stated that they were willing to have a jury impaneled with respect to Phase 1 and the Court notes that Mr. Decof referred inter alia to the provisions of R.C.P. 39(c) which provides in some circumstances for an advisory jury and, indeed, provides that the Court with the consent of both parties, even in a matter not triable of right by a jury, may order a trial with a jury whose verdict has the same effect as if trial by jury had been of right.
Based on the record statements referred to above with respect to trial by jury, this Court will order, as to Phase 1, trial by jury without deciding whether Defendants, as a matter of right, are in law entitled to the same.
The Steering Committee of defense counsel, Messrs. DeMaria and Tarantino, are directed to prepare an Order consistent with the next above paragraph and to furnish a copy thereof to the Attorney General's office within five days of their receipt hereof. Absent any objection from the Attorney General they may present said Order for signature, otherwise the matter shall be set down for settlement.