Raymond R. FRANCIS

v.

BARBER AUTO SALES, INC.

v.

David C. BRINDAMOUR.

No. 80–78–Appeal.

Supreme Court of Rhode Island.

Jan. 11, 1983.

704

Michael J. Kiselica, Providence, for plaintiff.

Everett A. Petronio, Johnston, for defendant Barber's Auto Sales, Inc.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from an entry of a conditional order of dismissal for refusal to answer interrogatories in accordance with an order of the Superior

Court. We affirm. The facts underlying the plaintiff's appeal are as follows.

The plaintiff filed his complaint on February 23, 1979, alleging that his automobile had been towed away by defendant pursuant to an order of the West Warwick police department. On April 12, 1979, defendant filed a third-party complaint naming defendant David C. Brindamour, in his capacity as Treasurer of the Town of West Warwick, as a third-party defendant. On June 15, 1979, defendant propounded a set of interrogatories to plaintiff. On June 28, 1979, plaintiff objected to defendant's interrogatories on the ground that they exceeded thirty in number in violation of Rule 33(b) of the Superior Court Rules of Civil Procedure. This rule provides in pertinent part:

"A party shall not serve more than one set of interrogatories upon an adverse party nor shall the number of interrogatories exceed thirty (30) unless the court otherwise orders for good cause shown."

A Superior Court justice, after hearing arguments, ordered plaintiff to answer the interrogatories within thirty days. No transcript of the justice's decision has been furnished to this court. It is undisputed that the interrogatories as propounded were eighteen in number, but contained certain subsidiary questions marked as subheadings a, b, and c, which are claimed by plaintiff to total sixty-six questions in all.

Professor Kent, in his treatise on Rhode Island Practice comments regarding the limitation on the number of questions:

"Rule 33(b) limits the number of questions which can be propounded to thirty and provides that only one set of interrogatories may be served upon an adverse party. For cause shown the court may relax these restrictions. Subsidiary questions, arranged as part of a purported single question, each constitute a separate question for purposes of this rule, and the bar has been alerted that the court looks with disfavor upon attempts to disguise the number of questions by inclusion of multiple questions in a single numbered question. While violation of

this rule may be followed by a successful motion to suppress the interrogatories, counsel have an obligation to attempt to adjust such matters; judicial time is not well spent in counting questions." 1 Kent, *R.I.Civ.Prac.* § 33.4 at 270 (1969). Since no transcript of the Superior Court justice's decision has been furnished to us, we are unable to determine whether he found that the subsidiary questions were of a type that did not exceed a total number of thirty or whether he decided to relax the restrictions for good cause shown in the course of the hearing. Either of these decisions would have been of a discretionary nature and would be reviewed by this court only for abuse which caused severe prejudice to a party litigant. 8 Wright & Miller, *Federal Practice and Procedure:* Civil § 2176 at 558 (1970).

Since a ruling regarding the answering of interrogatories is interlocutory in nature, it would not be appealable as a matter of right. 1 Kent, *R.I.Civ.Prac.* § 37.7 at 310. Professor Kent also suggests that review by writ of certiorari may be available at the discretion of this court if it can be shown that immediate review is necessary either to avoid great injury or unusual hardship that would result from the delay involved in postponing review until after final judgment or to determine whether the error pertains to and vitally affects the conduct of the trial. *Id.* at 310 (citing *Maryland Casualty Co. v. Sasso,* 98 R.I. 483, 204 A.2d 821 (1964); *Socony Mobil Oil Co. v. Superior Court,* 97 R.I. 396, 198 A.2d 44 (1964)). In the case at bar, no petition for discretionary review by certiorari was filed. The plaintiff simply failed to answer the interrogatories within the time limited; and thereafter, defendant filed a motion to dismiss plaintiff's complaint for failure to comply with the order entered on September 19, 1979.

After hearing the parties on November 21, 1979, the Superior Court justice entered a further order granting defendant's motion to dismiss plaintiff's complaint on the condition that said dismissal would be vacated if plaintiff complied with the prior order of the court (the one entered September 19, 1979) within thirty days. The plaintiff appealed from this conditional order of dismissal on December 4, 1979.

Although an order requiring discovery is not appealable, an order of dismissal or default pursuant to Rule 37(b) would certainly be appealable. 1 Kent, *R.I.Civ.Prac.* § 37.5 at 309. As Kent points out in § 37.7 at 310, "[a] party will rarely be willing to resist a discovery order to the point of suffering dismissal or default, for to do so would be to risk all on his contention concerning the discovery order." In the case at bar, plaintiff has in effect indicated his defiance and his disobedience of the order of the Superior Court by filing an appeal rather than to answer interrogatories within the time specified. As a consequence, his appeal was not an adequate procedural vehicle to stay the running of the thirty-day grace period. By appealing, plaintiff, in effect, rejected the period of grace granted him by the trial justice.

In summary, we are asked to review the exercise of discretion relating to discovery under circumstances in which no abuse by the trial justice has been indicated and where no unusual hardship or prejudice to plaintiff has been shown. Consequently, this court has no alternative but to reject any suggestion that the Superior Court was not acting within its discretionary power to relax the restrictions regarding the number of interrogatories, even assuming *arguendo* that the questions exceeded a total of thirty. In the face of persistent disobedience of the court's order, a conditional dismissal was certainly warranted. *Hodge v. Osteopathic General Hospital of Rhode Island,* 105 R.I. 3, 249 A.2d 81 (1969). Consequently, the plaintiff's appeal is without merit.

For the reasons stated, the appeal of the plaintiff is denied and dismissed, the judgment of dismissal is affirmed, and the papers in the case may be remanded to the Superior Court.