Richard L. FARRELL et al.

v.

GARDEN CITY BUILDERS, INC.

v.

MEADOWBROOK CORPORATION.

No. 82–100–Appeal.

Supreme Court of Rhode Island.

June 15, 1984.

Anthony J. Gianfrancesco, Dennis S. Baluch, Providence, for plaintiffs.

Thomas M. Petronio, Johnston, for defendant.

## OPINION

PER CURIAM.

The plaintiffs filed a complaint in the Superior Court against the defendant, Garden City Builders, Inc., to recover attorney's fees incurred in prior litigation. Garden City Builders added Meadowbrook Corporation as a third-party defendant. The trial justice dismissed both claims, and the plaintiffs appealed.

The plaintiffs own land adjacent to a parcel that Garden City Builders had sold Meadowbrook. They were successful in enforcing restrictive covenants against Meadowbrook that prohibited the construction of multiple-dwelling units on the land. *Farrell v. Meadowbrook Corp.*, 111 R.I. 747, 306 A.2d 806 (1973). Their claim for attorney's fees in this case is based on the alleged bad-faith actions of Garden City Builders in conveying the land to Meadowbrook without reference to the restrictions on the land and with knowledge that Meadowbrook intended to use the land in violation of the restrictions. The plaintiffs assert that the court has the inherent equitable power to award attorney's fees whenever overriding considerations indicate the need for such recovery.

This court, however, has long held that attorney's fees may not be awarded as a separate item of damages absent

contractual or statutory authorization. *Bibeault v. Hanover Insurance Co.*, 417 A.2d 313, 319 (R.I.1980). The plaintiffs have not cited, and we have not found any authorization for an award of attorney's fees in the deeds between the parties or in any federal or state statute. The alleged bad-faith actions by the defendant, even if proved, do not by themselves entitle the plaintiffs to an award for attorney's fees. This court's recent ruling in *The Quill Co. v. A.T. Cross Co.*, 477 A.2d 939 (R.I., 1984), is not applicable to the instant case. In *Quill* this court held that an award of attorney's fees could be implied from a contract that contained a covenant not to sue. The long-standing rule that attorney's fees may not be awarded absent statutory or contractual authorization was not overruled or excepted. The court in *Quill* held that the authorization to receive attorney's fees could be implied from the existing contract between the parties.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.