**Robert A. ELEAZER**

v.

**TED REED THERMAL, INC., et al.**

No. 89–128–M.P.

Supreme Court of Rhode Island.

June 26, 1990.

Richard A. Sinapi, Cranston, for plaintiff.

B. Mitchell Simpson, Callahan & Sayer, P.C., New Port, Marc DeSisto, Carroll, Kelly & Murphy, Paul V. Reynolds, Boyer, Reynolds & DeMarco, Providence, for defendants.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court following our grant of the plaintiff's petition for a writ of certiorari. The plaintiff seeks a review of a Superior Court order that denied his motion for leave to propound interrogatories in excess of thirty and granted the defendant's motion for a protective order. The plaintiff also seeks review of an award of attorney's fees to the defendant. We affirm the former order and quash the latter pertaining to attorney's fees.

Robert A. Eleazer, plaintiff below (or petitioner), brought suit on December 2, 1987, seeking damages for a workplace injury he sustained while working on a machine owned and maintained by defendant Ted Reed Thermal, Inc. (or respondent), and manufactured by Niagara Machine Tool Works, Inc., a codefendant. At the time of the accident plaintiff was working for third-party defendant Canonchet Enterprises, Inc., d/b/a Olsten Temporary Services, a temporary-employment agency that placed plaintiff with defendant.

The plaintiff below originally requested permission to issue forty-eight interrogatories to defendant on the ground that the case, a "complex products liability" action with multiple defendants, required a broader, more detailed scope of discovery. On September 19, 1988, however, the trial court denied, without prejudice, plaintiff's motion for leave to propound interrogatories in excess of thirty.

Shortly thereafter, on October 7, 1988, plaintiff served upon defendant twenty-nine numbered interrogatories. The defendant then filed a motion for a protective order on grounds that the interrogatories

propounded were in excess of the thirty interrogatories permitted by Rule 33 of the Superior Court Rules of Civil Procedure. Specifically the motion alleged that the interrogatories contained numerous subquestions, making a total of 127 interrogatories. In response to the motion for a protective order plaintiff filed an objection to the motion, arguing that the subparts did not constitute additional questions. The plaintiff also filed in the alternative a renewed motion for leave to file interrogatories in excess of thirty. Pending the hearing on the motions, plaintiff alleges that he tried to resolve the matter with defendant by letter and telephone on at least three occasions. He claims that the attempts were unsuccessful and alleges that defendant stated that if plaintiff could not propound only thirty interrogatories, then the court should decide the issue.

The motions were heard on January 17, 1989, and a decision was filed on February 20, 1989. The trial justice granted defendant's motion for a protective order and again denied plaintiff's motion to issue more than thirty interrogatories. The trial justice was of the opinion that the subquestions did in fact inflate the true number of interrogatories. He was also of the opinion that the interrogatories would require extended detail and analysis by defendant and consequently that they would result in the "imposition of a significant burden" upon defendant.

On February 10, 1989, the trial justice heard arguments regarding attorney's fees for the time spent litigating the disputed interrogatories. The defendant did not produce an affidavit or other evidence of the actual time spent in preparing for and arguing the motion. Rather defendant generally categorized the time spent, and through a bench decision the trial justice awarded attorney's fees of $750: ten hours at $75 per hour. Although plaintiff's attorney was afforded an opportunity to question defendant's attorney regarding the actual number of hours spent on the matter, he declined to do so.

An order was entered on February 23, 1989, regarding the decisions of February 10 and February 20. Payment of the attorney's fees, however, was stayed pending appeal to this court. The plaintiff filed a petition for writ of certiorari, which writ was granted.

The plaintiff asks this court to review several issues. He argues that the trial justice erred both in granting defendant's motion for a protective order and in denying plaintiff's motion to propound more than thirty interrogatories. The plaintiff initially asserts that the multiple subquestions should not be counted as separate interrogatories and claims that the form of questions he asked is standard in this jurisdiction. He also argues that interrogatories provide an efficient and inexpensive means of discovery and as such, specific detailed interrogatories, like the questions at issue, should be permitted because they are less expensive and less onerous to both parties than depositions.

The plaintiff argues in the alternative that if it should be determined that the interrogatories did exceed thirty in number, then the trial justice was in error in not allowing him to propound more than thirty interrogatories. He further contends that defendant should be estopped from challenging the interrogatories both because defendant did not cooperate or act in good faith in trying to resolve the problem and because defendant's own set of propounded interrogatories contained subparts that exceeded thirty in number.

The defendant on the other hand argues that the numerous subquestions do count as independent questions and that, therefore, the total number of interrogatories exceeds thirty. The defendant also asserts that rulings on discovery motions by trial justices are totally discretionary and that the standard of review is whether the trial justice abused that discretion or whether the decision created an unusual hardship for the losing party. Abuse of discretion or prejudice to plaintiff, defendant argues, were never demonstrated by him.

Our discussion in this case begins with Rule 33 of the Superior Court Rules of Civil Procedure, which provides the frame-

work within which interrogatories may be served. Rule 33(b) reads in part as follows:

"A party shall not serve more than one set of interrogatories upon an adverse party nor shall the number of interrogatories exceed thirty (30) unless the court otherwise orders for good cause shown."

Although the rule sets quantitative limits on the number of interrogatories a party may serve by right, it does not provide clear guidelines as to what constitutes an interrogatory. Professor Kent, however, whose *Rhode Island Civil Practice* publication we quoted in *Francis v. Barber Auto Sales, Inc.*, 454 A.2d 703, 704–05 (R.I. 1983), has written:

" 'Subsidiary questions, arranged as part of a purported single question, each constitute a separate question for purposes of this rule, and the bar has been alerted that the court looks with disfavor upon attempts to disguise the number of questions by inclusion of multiple questions in a single numbered question.' "

In *Francis* this court addressed issues involving interrogatories and subparts. We held that a trial justice has discretion both in making determinations concerning whether subsidiary questions and independent questions exceed a total number of thirty and in making decisions whether to relax the restrictions for good cause shown. 454 A.2d at 705. Such decisions are reversed only when the discretion is abused and the decision is severely prejudicial to a party. *Id.*

■ In the present case, the trial justice examined the interrogatories and their subsidiary parts, found that they were of a type surpassing thirty interrogatories in total, and then found that good cause did not exist to allow plaintiff to propound more than thirty interrogatories. We are not persuaded that the trial justice abused his discretion in so deciding. He found that the interrogatories were excessive in number and as such would impose a significant burden on defendant. We agree, and it appears to us that the interrogatories propounded in this case go beyond the spirit of written interrogatories. Less complex, more direct questions are what the drafters of Rule 33 intended. Our setting the number of interrogatories at thirty as a matter of right was never intended to be a fixed, never-to-be-exceeded maximum. Rather we intended to provide that one could not exceed thirty interrogatories without prior court approval. Although at the time that our civil rules were adopted complex products-liability cases were unknown, it is our opinion that the discretion of a trial justice to allow more than thirty interrogatories adequately addresses changing discovery needs. In this case the trial justice's decision is not severely prejudicial to plaintiff because he still has other effective discovery vehicles available, including depositions.

We also disagree with plaintiff's arguments that defendant should be estopped from challenging his interrogatories. Not only is there evidence to support the trial justice's conclusion that defendant acted in good faith but we also believe that plaintiff is in no position to question the good faith of defendant. The plaintiff's own "good faith" is evidenced by the excessive number of interrogatories propounded without leave of court, all of which require a plethora of minute detail.[1]

■ Under an estoppel theory plaintiff also argues that defendant should not be

1. An example of one of plaintiff's interrogatories is as follows:

"5. Identify each person who you expect to call as an
expert witness at the trial of this matter, and with respect to each such expert, please provide in as much detail as possible the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, a thorough and explicit summary of the grounds for each opinion of the expert, the educational background of each expert listed, a brief summary of his or her professional experience, including the professional societies and organizations of which he or she is presently a member, and sufficiently identify any reports or documents upon which such expert opinion is based so that they may be made the subject matter of a request for production."

able to attack plaintiff's interrogatories because defendant's own interrogatories were excessive. Since plaintiff never properly raised an objection to defendant's interrogatories below, it is not appropriate for us to consider the matter here.

 The plaintiff also seeks our review of the award of attorney's fees. He contends that the trial justice was not empowered to award attorney's fees since there is no statutory authority for their award for successfully litigating a motion for a protective order.

 The plaintiff correctly argues that the right to collect attorney's fees did not exist at common law and that, consequently such fees may be taxed only when there is either specific statutory authority or contractual liability. *Orthopedic Specialists, Inc. v. Great Atlantic & Pacific Tea Co.,* 120 R.I. 378, 387–88, 388 A.2d 352, 357 (1978). Moreover, this court may not imply statutory authority through judicial construction in situations in which the statutes are unequivocal and unambiguous. *Id.*

Rule 37 of the Superior Court Rules of Civil Procedure allows for attorney's fees to be awarded when a party refuses to make discovery when so ordered by the court. The rules are silent, however, in regard to awarding fees to a party who successfully obtains a protective order. In discovery situations like the present one, it has been our practice that the obtaining of a protective order would constitute the extent of the relief. Since the pertinent statutes and rules are neither equivocal nor ambiguous, there is no room for implication by judicial construction.

We have reviewed the remaining arguments raised by the plaintiff and we are of the opinion that they do not warrant discussion.

Accordingly, the plaintiff's petition for the issuance of the writ of certiorari is granted in part and denied in part. We affirm the trial justice's denial of the motion for leave to propound interrogatories in excess of thirty and the corresponding grant of a protective order to the defendant. We quash that portion of the order awarding attorney's fees to the defendant. The papers of the case are remanded to the Superior Court with our decision endorsed thereon.