DECISION
Before this Court is plaintiff's Rule 37 motion for costs incurred in obtaining answers to interrogatories and defendants' objection thereto.
Interrogatories were served upon defendant Kent County Hospital ("Defendant") on August 2, 1994. The hospital filed a general objection to the request, basing such objection on the sheer quantity of responses requested, clearly in excess of the thirty interrogatories allowed under Rule 33. Eleven months later, on July 21, 1995, the plaintiff filed a motion to compel answers to these interrogatories, to which the defendant objected.
On August 2, 1995, in response thereto, the plaintiff filed a motion for costs, including attorney fees incurred in obtaining answers to interrogatories, along with supporting affidavits and memorandum of law.
This Court heard oral argument on August 15, 1995. An order was issued with regard to plaintiff's interrogatories, and decision on the motion for costs was reserved for further consideration.
The Motion to Compel
Pursuant to former Rule 33, a party shall not serve more than one set of interrogatories upon an adverse party, nor shall the number exceed thirty, unless the Court otherwise orders for good cause. R.C.P. 33 (b). It is therefore within the discretion of the Court to allow a relaxation of the rule or, conversely, to compel a response to a reduced number. Francis v. Barber AutoSales, Inc., 454 A.2d 703, 704-705 (R.I. 1983), Eleazer v. TedReed Thermal, Inc., 576 A.2d 1217, 1218 (R.I. 1990).
With respect to answering interrogatories, the respondent then has 40 days after service to respond or specifically object to particular interrogatories. R.C.P. 33 (a). Answers to interrogatories to which objection is made, however, may be deferred until an order is entered in accordance with Rule 37 (a) upon motion of the interrogating party. If such motion is made therefore, the interrogated party does not answer the interrogatory unless the party who served the interrogatory moves under Rule 37 to compel an answer to it. Wright, Miller Marcus,Federal Practice Procedure: Civil.2d § 2173, p. 290. Reasonable expenses and costs will be assessed against the losing party on a motion of this kind, unless there exists substantial justification for the action taken. Id.
If the motion to compel is granted in part and denied in part, the Court is given more discretion and may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner. Payne v. Howard, 75 FRD 465 (DC 1977). R.C.P. 37 (a), Senn v. Surgidev Corp., 641 A.2d 1311, 1320 (R.I. 1994).
Plaintiff here requests an award of costs and attorney's fees incurred in the preparation of two motions: one to compel answers to interrogatories and the second, this motion, for costs.
The Court is satisfied that Defendant's opposition was not completely groundless and did not constitute harassment or abuse of discovery, nor did it enter the realm of outrageous conduct, warranting the sanction of Defendant's paying expenses. See
Reporter's Notes to Super R. Civ. P. 37 (a). The plaintiff's request and subsequent motion to compel answers clearly involved a greater number of interrogatories than is allowed under the rule without prior leave of court, and thus provided the basis for the Defendant's objection.
The record and travel of this discovery aspect of the case does not lend itself to a finding of either bad faith or outrageous conduct on Defendant's part. Motion is hereby denied.