DECISION
Narragansett Improvement Co. (plaintiff) brings this motion seeking a court-ordered award of attorney's fees in the amount of $25,465.25.
Facts and Travel
On April 18, 1988, plaintiff entered into a contract with defendant to construct a driveway on defendant's property. This contract included a clause which provided that "all costs of collection, including a reasonable attorney's fee shall be added to the unpaid balance." Upon plaintiff's completion of the project, defendant refused to fully pay the balance due on the contract. As a result plaintiff initiated the collections process. First, plaintiff filed a mechanic's lien along with a petition to enforce the lien. At that time, defendant responded by raising counterclaim defenses alleging defective materials were used by plaintiff and that plaintiff performed the contract in an unworkmanlike manner.
At a hearing held in May of 1990, Associate Justice Francis Darigan of this Court ruled that the counterclaims raised issues of fact which could not be adjudicated with the mechanic's lien petition. Therefore, Judge Darigan severed defendant's counterclaims and ordered that the mechanic's lien not be judicially perfected. On appeal to the Rhode Island Supreme Court, this decision was affirmed. After this decision, plaintiff continued his attempts to collect from defendant.
More specifically, plaintiff filed the instant matter in Superior Court alleging that defendant breached the contract with plaintiff. At the conclusion of the jury trial on the merits, the jury awarded plaintiff $85,000, less $320 which the jury awarded defendant on the counterclaim. The jury also made a finding that plaintiff was entitled to interest and an unspecified amount of attorney's fees under the contract.
It is this award of attorney's fees that serves as the basis for the current motion. The plaintiff asserts that it is entitled to recover all $25,465.25 expended in collecting the judgment. The defendants argue that plaintiff is not entitled to recover the $6,977.75 portion of attorney's fees that plaintiff expended in furtherance of the mechanic's lien petition.
Attorney's Fees
There is no general equitable right to attorney's fees in this country, Jem Co., Inc. v. Fairway, 678 A.2d 1247 (R.I. 1996), because at common law the right to collect attorney's fees did not exist. Eleazer v. Ted Reed Thermal, Inc., 576 A.2d 1217
(R.I. 1990). Thus, in order to recover attorney's fees a party must produce either a specific statutory provision authorizing such an award or a contractual provision providing for the award.Eleazer v. Ted Reed Thermal, Inc., 576 A.2d 1217 (R.I. 1990);Farrell v. Garden City Builders, Inc., 477 A.2d 81 (R.I. 1984);Scully v. Matarese, 422 A.2d 740 (R.I. 1980).
In the instant matter plaintiff seeks to enforce its right to attorney's fees under the contractual provision that states that "all costs of collection, including a reasonable attorney's fee shall be added to the balance." Thus the request is governed by the contract's terms and not by a statutory grant. Whether or not plaintiff is entitled to the award of attorney's fees associated with the mechanic's lien petition is not controlled by R.I.G.L. § 34-28-19 which provides for the discretionary awarding of attorney's fees in mechanic's lien proceedings but by the terms of the contract and their meaning.
It is well settled that when a court is construing contractual provisions the words are to be given their plain and ordinary meaning, unless an unambiguous intent to do otherwise is shown. Kottis v. Cerilli, 612 A.2d 661 (1992). Since no evidence of a contrary intent has been produced by either party this Court will interpret the clause in question using its plain and ordinary meaning. The contract covers all costs of collection and reasonable attorneys fees, and in the current factual situation such costs include prosecution of the mechanic's lien petition. This finding that defendant is responsible for all of plaintiff's costs, including the cost of the mechanic's lien petition, is supported by the fact that it was defendant's counterclaim that prevented plaintiff's recovery in that proceeding and not through any deficiency in plaintiff's claim.
Since defendant agrees that the fees charged were reasonable and does not allege that the mechanic's lien petition was frivolous or filed in bad faith, the Court hereby orders that defendants pay all of plaintiff's costs of collection, including the costs associated with the mechanic's lien. Thus, plaintiff is hereby awarded the full sum of $25,465.25 in attorney's fees as requested.
Counsel shall prepare and submit appropriate order.