[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is Plaintiffs' Motion for attorney's fees. The Plaintiffs are former members of Defendant, Rhode Island Ethics Commission. The parties have submitted memoranda which the Court has considered. Plaintiffs' Motion rests on five statutory bases: 42 U.S.C. § 1988, R.I. Gen. Laws § 42-92-1 (Equal Access to Justice Act), R.I. Gen. Laws § 42-112-2 (Rhode Island Civil Rights Act of 1990), R.I. Gen. Laws § 9-1-45 (breach of contract action), and R.I. Gen. Laws § 9-29-1 (sanctions).
 FACTS AND TRAVEL
The facts of this case are set forth in Pellegrino v. R.I.Ethics Comm'n, 788 A.2d 1119, 1126 (R.I. 2002). Plaintiffs initially brought their complaint in Superior Court containing five (5) causes of action: breach of contract, declaratory judgment (violation of Article III, § 8 of the Rhode Island Constitution),[1] declaratory judgment (violation of the Sherlock Amendment so-called), promissory estoppel, and quantum meruit. Each claim included a request for fees and costs. However, no specific statutory references were cited in the complaint to support the request for attorney's fees. The Superior Court dismissed the Plaintiffs' action under the doctrine of sovereign immunity and the Plaintiffs appealed.
On appeal, the Rhode Island Supreme Court held that the state waived sovereign immunity by enacting a statute providing for compensation to commission members. Id. at 1124-25. The Court found that the commission members had a protected property interest in the statutory benefit that could not be taken from them without the due process of law and just compensation. Id.
at 1126-28. On remand, the matter was stayed to allow the commission to declare how much is owed to each individual plaintiff. The commission completed that task, and as part of this Court's determination of the proper amount to be incorporated in a final judgment, Plaintiffs ask this Court to award them the sum of Thirty Seven Thousand Seven Hundred Eighteen Dollars ($37,718) in fees and costs associated with their having been the prevailing parties in this matter.[2]
 Standard of Review
"[T]he right to collect attorney's fees did not exist at common law" and, "consequently such fees may be taxed only when there is either specific statutory authority or contractual liability."Eleazar v. Ted Reed Thermal, Inc., 576 A.2d 1217, 1221 (R.I. 1990). When determining whether statutory fees should be awarded under a specific statute, the court looks to the express language of the statute. See id. If "the pertinent statutes and rules are neither equivocal nor ambiguous, there is no room for implication by judicial construction." Id.
 42 U.S.C § 1988
Plaintiffs initially argue that because they prevailed on claims "cognizable" under the provisions of 42 U.S.C. § 1983, they are entitled to attorney's fees based on 42 U.S.C. § 1988. Plaintiffs contend that the Supreme Court determined that their due process rights were violated when the State failed to pay them for their attendance at meetings, and they are therefore entitled to attorney's fees under § 1988 (b). That statute provides in pertinent part:
 "In any action or proceeding to enforce a provision of sections [1981, 1981a. 1982, 1983, 1985, and 1986 of this title] * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . ."
The United States Supreme Court has held that § 1988 does not entitle a prevailing party to attorney's fees in an independent action which is not a proceeding to enforce any othe civil rights laws listed in § 1988. North Carolina Dept. ofTransportation v. Crest Street Community Council, 479 U.S. 6, 12, 107 S. Ct. 336, 340 (1986). The complaint filed by the Plaintiffs in this instance was not an action brought pursuant to the provisions of any of the statutes enumerated in42 U.S.C. § 1988 (b). Although the Rhode Island Supreme Court found that the denial of pay for attendance at the relevant meetings infringed on Plaintiffs' property rights, (a determination made incident to the Court's analysis of the sovereign immunity issue), the Court's decision was not prompted by the filing of a civil rights claim, nor any count which asserted a violation of any of the civil rights statutes set forth in § 1988. This Court is entitled to rely on the Plaintiffs' Complaint to determine whether the claims asserted were for violation of the enumerated civil rights laws. Since no such claims were filed, the Court finds that the Plaintiffs are not entitled to attorneys' fees pursuant to42 U.S.C § 1988.[3]
 Equal Access to Justice Act
Plaintiffs next argue that they are entitled to attorney's fees under the provisions of G.L. 1956 § 42-92-1, also known as the Equal Access to Justice Act. While § 42-92-1 provides that attorney's fees may be awarded when individuals contest unjust agency actions, § 42-92-3 clarifies the types of proceedings to which § 42-92-1 applies. Section 42-92-3 provides in pertinent part:
 "Award of reasonable litigation expenses. —
 (a) Whenever the agency conducts an adjudicatory proceeding subject to this chapter, the adjudicative officer shall award to a prevailing party reasonable litigation expenses incurred by the party in connection with that proceeding. The adjudicative officer will not award fees or expenses if he or she finds that the agency was substantially justified in actions leading to the proceedings and in the proceeding itself. The adjudicative officer will not award fees or expense if he or she finds that the agency was substantially justified in actions leading to the proceedings and in the proceeding itself. The adjudicative officer may, at his or her discretion, deny fees or expenses if special circumstances make an award unjust. The award shall be made at the conclusion of any adjudicatory proceeding, including, but not limited to, conclusions by a decision, an informal disposition, or termination of the proceeding by the agency. The decision of the adjudicatory officer under this chapter shall be made a part of the record and shall include written findings and conclusions. No other agency official may review the award."
Section 42-92-2(2) defines an adjudicatory proceeding as one that is "conducted by or on behalf of the state administratively or quasi-judicially which may result in the loss of benefits, the imposition of a fine, the adjustment of a tax assessment, the suspension or revocation of a license, permit, or which may result in the compulsion or restriction of the activities of a party." Furthermore § 42-92-4 states that "[a]ny agency authorized to conduct an adjudicatory hearing shall, by rule, establish uniform procedures for the submission and consideration of applications for an award under this section."
Based on the express language of the statute, it is clear that the instant case does not constitute an adjudicatory proceeding under the Equal Access to Justice Act. Plaintiffs did not initiate this suit at the agency level or apply to the Rhode Island Ethics Commission for attorney's fees in accordance with §42-92-4. They were not parties before the commission, but were the commissioners themselves seeking redress from the State. Consequently, Plaintiffs are not entitled to attorney's fees under the Equal Access to Justice Act.
 Rhode Island Civil Rights Act of 1990
Plaintiffs also rely upon the Rhode Island Civil Rights Act of 1990, specifically § 42-112-2, as a basis for attorney's fees. That section provides:
 "A person whose rights under the provisions of § 42-112-1 have been violated may commence a civil action for injunctive and other appropriate equitable relief, and for the award of compensatory and exemplary damages. An aggrieved person who prevails in an action authorized by this section, in addition to other damages, is entitled to an award of the costs of the litigation and reasonable attorney's fees in an amount to be fixed by the court."
Plaintiffs' Complaint does not assert a claim under the Rhode Island Civil Rights Act. Accordingly, Plaintiffs cannot be deemed a prevailing party thereunder, and the Plaintiffs are not entitled to attorney's fees pursuant to G.L. § 42-112-2.
 G.L. 1956 § 9-1-45
Plaintiffs next contend that they are entitled to attorney's fees pursuant to G.L. 1956 § 9-1-45, which provides,
 "The court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court (a) finds that there was a complete absence of a justiciable issue of either law or fact by the losing party."
Although Plaintiffs included a cause of action for breach of contract in their complaint, neither the trial court nor the appellate court found the existence of a contract or a breach thereof as the basis for defendants' liability. Furthermore, although the Supreme Court held that it would be a denial of due process to deprive Plaintiffs of their statutory entitlement to benefits for attendance at meetings, the Supreme Court never found a "complete absence of a justiciable issue of either law or fact by the losing party." In Hemingway v. Hemingway,698 A.2d 228, 230 (R.I. 1997), the Supreme Court of Rhode Island held that the plaintiff was not entitled to attorney's fees despite the fact that there was a clear breach of contract and the plaintiff had been awarded pre- and post judgment interest. The Hemingway
Court concluded that because the record did not show a complete absence of a justiciable issue of either law or fact, the plaintiff was not entitled to attorney's fees under § 9-1-45.
In the instant case, the Defendants raised a defense of sovereign immunity that a justice of this Court found to have merit. Notwithstanding the determination of the Supreme Court to the contrary, this Court cannot find that the invocation of that defense represented a complete absence of a justicable issue. Accordingly, this Court finds that Plaintiffs are not entitled to attorney's fees pursuant to § 9-1-45.
 R.I.G.L. 1956 § 9-29-21: Sanctions
Finally, Plaintiffs assert that they are entitled to reimbursement of their attorney's fees under § 9-29-21, which is the statutory embodiment of this Court's authority under the Rules of Civil Procedure, Rule 11. That section provides in pertinent part:
 "The signature of an attorney or party constitutes a certificate by him or her that he or she has read the pleading, motion, or other paper; that to the best of his or her knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee."
While it is clear that the Supreme Court found that Plaintiffs had a right to compensation for the meetings they attended, for the reasons heretofore recited the Court is unable to find the level of bad faith interposition of a frivolous defense that would be necessary to invoke the provisions of either § 9-29-21
or Rule 11.
 CONCLUSION
For the foregoing reasons, this Court finds that Plaintiffs are not entitled to attorney's fees and denies Plaintiffs' motion. An appropriate final judgment may now be presented to the Court for entry, encompassing all of the Court's rulings on remand of this matter.
[1] This provision of the Rhode Island Constitution established the Ethics Commission. The Complaint did not allege a violation of the due process clauses of either the United States or Rhode Island Constitutions. See R.I. Const. art. I, § 2 — due process clause; R.I. Const. art. I, § 16 — providing that private property shall not be taken for public uses, without just compensation.
[2] The Plaintiffs also moved upon remand for the addition of prejudgment interest to the principal sum of the judgment. For the reasons cited by the Court in its decision rendered on April 15, 2004, the motion for prejudgment interest was denied.
[3] In the case of John Doe No. 1 v. Ethics Commission,707 A.2d 265 (R.I. 1998), it was of significance to the Court that the complaint was amended to include a cause of action pursuant to 42 U.S.C. § 1983 in finding the prevailing plaintiffs entitled to a statutory award of attorney's fees. Id. at 266-67. No such amendment was made to assert such a claim in the instant matter.