June 24, 2021

**Supreme Court**

No. 2019-423-M.P.
(16-7082)

Timothy Koback                    :

v.                    :

Municipal Employees' Retirement
   System of Rhode Island.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Timothy Koback          :

v.          :

Municipal Employees' Retirement
     System of Rhode Island.          :


Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

# O P I N I O N

**Justice Lynch Prata, for the Court.**  The respondent, Municipal Employees'

Retirement System of Rhode Island (MERS),[1] seeks review of a decree of the

Appellate Division of the Workers' Compensation Court (WCC), awarding

attorneys' fees and costs to the petitioner, Timothy Koback.  The respondent claims

the WCC and its Appellate Division lack the statutory authority to award attorneys'

fees and costs.  The respondent also maintains that even if attorneys' fees are proper,

the petitioner did not submit legally sufficient evidence to support such fees under

---

[1] The matter as filed with the Workers' Compensation Court incorrectly captioned the case and named the respondent "Employees' Retirement System of Rhode Island."  The correct name of the respondent is the Municipal Employees' Retirement System of Rhode Island or MERS.  Consequently, we have utilized the correct name of the respondent throughout this opinion, and have properly captioned the case in this Court.

our precedent. For the reasons set forth in this opinion, we quash the decree of the Appellate Division of the WCC.

**Facts and Travel**

The underlying facts of this case are not in dispute. The petitioner was employed as a firefighter by the City of Woonsocket. On March 24, 2012, during the performance of his duties as a firefighter, he sustained a herniated disc injury to his lower back while assisting in a patient transfer. The petitioner filed his application for accidental disability retirement (ADR) benefits with the respondent retirement board on September 19, 2013. As mandated by G.L. 1956 § 45-21.2-9(a), he was examined by three physicians engaged by the retirement board to assist the board in rendering a decision on petitioner's ADR application.

On November 10, 2015, the retirement board denied petitioner's ADR application, finding that petitioner had failed to prove that his injury arose out of and in the course of his duties as a firefighter. The retirement board instead approved petitioner's application for ordinary disability retirement. The petitioner requested reconsideration of the decision; and in a letter dated November 18, 2016, the retirement board affirmed its decision to deny petitioner's ADR application.

The petitioner then appealed the retirement board's adverse ruling to the WCC. In accordance with the WCC's rules, practices, and procedures, the matter

- 2 -

was assigned to a trial judge. On May 23, 2017, the trial judge issued a pretrial order denying the petition, from which petitioner filed a timely claim for a trial *de novo*.

After a full trial, the trial judge issued a written decision granting petitioner's petition seeking ADR benefits and awarding a counsel fee to petitioner's counsel. In support of his application for attorneys' fees, petitioner's counsel submitted a fee affidavit, detailing the work his office performed and the hours spent on the case, along with a list of fees and costs incurred, for a total bill of $10,442.02. The respondent objected, arguing that the WCC lacked statutory authority to award attorneys' fees. The petitioner's counsel later submitted a supplemental affidavit, attesting to his credentials and the difficulty of the case, and filed an affidavit billing an additional $2,790 for work performed after the WCC rendered its decision. A hearing was held before the WCC. The trial judge determined that the WCC had statutory authority to award attorneys' fees and concluded that a fee in the amount of $12,000 was fair and reasonable in this case. A decree was entered ordering that petitioner was to be paid ADR benefits and that his attorney be paid a fee of $12,000, plus costs of $418.27.

The respondent then filed an appeal to the Appellate Division, challenging only the award of attorneys' fees and costs to petitioner's counsel, and contesting the WCC's authority to award attorneys' fees and costs in ADR claims.

In its decision, the Appellate Division rejected respondent's arguments, finding that the WCC had statutory authority to award fees and costs in ADR cases. The Appellate Division reasoned that appeals in such cases may be considered "proceedings" and the notice of appeal to the WCC may be considered a petition, within the meaning of G.L. 1956 § 28-35-32.[2] According to the decision, a contrary ruling would "elevate form over substance." The Appellate Division determined that petitioner, as a firefighter who filed a claim for ADR benefits, was an "employee" as that term is defined in G.L. 1956 § 28-29-2(4). The court also determined that ADR benefits are a form of compensation within the meaning of § 28-35-32.

The Appellate Division then considered respondent's argument that the affidavits submitted by petitioner's attorney were insufficient to support an award of

---

[2] General Laws 1956 § 28-35-32, titled "Costs—Counsel and witness fees[,]" requires an award of attorneys' fees in most workers' compensation cases. That provision is the primary focus of this case, and provides, in pertinent part:

> "In proceedings under this chapter, and in proceedings under chapter 37 of this title, costs shall be awarded, including counsel fees and fees for medical and other expert witnesses, including interpreters, to employees who successfully prosecute petitions for compensation; petitions for medical expenses; petitions to amend a preliminary order or memorandum of agreement; and all other employee petitions, except petitions for lump-sum commutation * * * ."

attorneys' fees. The decision observed that the affidavits were never "formally introduced as exhibits for the court to review." Thus, the Appellate Division reasoned, there was no need for a disinterested attorney to vouch for the reasonableness and necessity of fees contained in a fee affidavit. Despite the absence of a formally introduced affidavit, the Appellate Division upheld the fee awarded by the trial judge and imposed an additional fee of $2,500 for counsel's work before the Appellate Division. A final decree was entered on October 22, 2019, and respondent filed a timely petition for writ of certiorari with this Court. We granted the petition on November 18, 2019, and the writ of certiorari issued on that same day.

## Standard of Review

This Court's "review of a case on certiorari is limited to an examination of the record to determine if an error of law has been committed." *Lang v. Municipal Employees' Retirement System of Rhode Island*, 222 A.3d 912, 914-15 (R.I. 2019) (quoting *Plante v. Stack*, 109 A.3d 846, 853 (R.I. 2015)). The Court will "examin[e] the record for judicial error * * * [and] inspect the record to discern if there is any legally competent evidence to support the findings of the hearing justice below." *Id.* at 915 (quoting *Plante*, 109 A.3d at 853).

Additionally, § 28-35-30 sets forth the grounds upon which this Court may review a decision of the Appellate Division. The statute states in part that

> "[u]pon petition for certiorari, the [S]upreme [C]ourt may affirm, set aside, or modify any decree of the appellate

- 5 -

commission of the workers' compensation court only upon the following grounds:

"(1) That the workers' compensation court acted without or in excess of its authority;

"(2) That the order, decree, or award was procured by fraud; or

"(3) That the appellate division erred on questions of law or equity, the petitioner first having had his objections noted to any adverse rulings made during the progress of the hearing at the time the rulings were made, if made in open hearing and not otherwise of record." Section 28-35-30(a).

Furthermore, we review questions of statutory interpretation *de novo*. *Lang*, 222 A.3d at 915. "In so doing, [the Court's] ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *Id.* (quoting *Bluedog Capital Partners, LLC v. Murphy*, 206 A.3d 694, 699 (R.I. 2019)). If the statute is clear and unambiguous, the Court will "interpret the statute literally and * * * give the words of the statute their plain and ordinary meanings." *Id.* (quoting *In re B.H.*, 194 A.3d 260, 264 (R.I. 2018)). "The Legislature is presumed to have intended each word or provision of a statute to express a significant meaning, and the Court will give effect to every word, clause, or sentence, whenever possible." *Id.* (quoting *In re B.H.*, 194 A.3d at 264). However, "this Court will not construe a statute to reach an absurd result." *Id.* (quoting *In re B.H.*, 194 A.3d at 264).

Finally, we note that this Court has "staunchly adhered to the 'American rule' that requires each litigant to pay its own attorney's fees absent statutory authority or contractual liability." *Tri-Town Construction Company, Inc. v. Commerce Park Associates 12, LLC*, 139 A.3d 467, 478 (R.I. 2016) (brackets omitted) (quoting *Shine v. Moreau*, 119 A.3d 1, 8 (R.I. 2015)). We have also concluded that "when a rule is silent regarding attorneys' fees, there is 'no room for implication by judicial construction' and attorneys' fees are not available under the statute." *Shine*, 119 A.3d at 10 (quoting *Eleazer v. Ted Reed Thermal, Inc.*, 576 A.2d 1217, 1221 (R.I. 1990)).

**Discussion**

On certiorari, respondent raises three arguments. The respondent first claims that the WCC and its Appellate Division lack the authority to award attorneys' fees and costs following an appeal from a decision of the retirement board pursuant to § 45-21.2-9(f). Second, respondent contends that § 28-35-32, the attorneys' fees provision of the Workers' Compensation Act, chapters 29 through 37 of title 28 of the general laws (WCA), does not provide for an award of attorneys' fees in this case because petitioner's claim does not fall into one of the statutorily authorized categories allowing for an award of fees or costs. Third, respondent maintains that, assuming *arguendo* that attorneys' fees are proper, petitioner did not submit legally sufficient evidence to support such fees under this Court's precedent.

- 7 -

## Statutory Authority to Award Attorneys' Fees

Because this Court is tasked with determining the interplay between several statutory provisions to resolve this case, we think it is necessary to provide a brief review of those statutes and the legislative history regarding the WCC's jurisdiction to hear ADR claims.

Prior to July 1, 2011, a party wishing to challenge an adverse ADR decision made by the retirement board was required to file an administrative appeal to the Superior Court pursuant to G.L. 1956 § 42-35-15 of the Administrative Procedures Act (APA). However, in 2011, the General Assembly changed the forum for litigants and granted jurisdiction to the WCC to hear ADR claims filed by certain parties aggrieved by a determination made by the retirement board for injuries occurring after July 1, 2011.[3] *See* P.L. 2011, ch. 151, art. 12, § 8 (effective June 29, 2011); *see also* § 45-21.2-9. In granting such authority to the WCC, the General Assembly made numerous other changes to the ADR and workers' compensation statutes.[4]

---

[3] It is undisputed that petitioner was within his right to appeal to the WCC as a party "aggrieved by the determination" of the retirement board. *See* G.L. 1956 § 45-21.2-9(f).

[4] This Court is mindful that there were further legislative changes to § 45-21.2-9 in both 2013 and 2017. However, those amendments are not applicable to petitioner's claim because his injury occurred in 2012.

For example, § 45-21.2-9, which provides for ADR benefits, was amended in 2011 by adding six new sections, as follows:

> "(f) In the event that any party is aggrieved by the determination of the retirement board pursuant to § 45-19-1, for an injury occurring on or after July 1, 2011, the party may submit an appeal to the Rhode Island workers' compensation court. The appellant shall file a notice of appeal with the retirement board and shall serve a copy of the notice of appeal upon the opposing party.
>
> "(g) Within twenty (20) days of the receipt of the notice of appeal, the retirement board shall transmit the entire record of proceedings before it, together with its order, to the workers' compensation court.
>
> "(h) In the event that a party files a notice of appeal to the workers' compensation court, the order of the retirement board shall be stayed pending further action by the court pursuant to the provisions of Rhode Island general law § 28-35-20.
>
> "(i) Upon receipt of the record of proceedings before the retirement board, the court shall assign the matter to a judge and shall issue a notice at the time advising the parties of the judge to whom the case has been assigned and the date for pretrial conference in accordance with Rhode Island general law § 28-35-20.
>
> "(j) All proceedings filed with the workers' compensation court pursuant to this section shall be de novo and shall be subject to the provisions of chapters 29 to 38 of Title 28 for all case management procedures and dispute resolution processes, as provided under the rules of workers' compensation court. Where the matter has been heard and decided by the workers' compensation court, the court shall retain jurisdiction to review any prior orders or decrees entered by it. Such petitions to review shall be filed directly with the workers' compensation court and

shall be subject to the case management and dispute resolution procedures set forth in chapters 29 through 38 of title 28 ("Labor and Labor Relations").

"(k) If the court determines that a member qualifies for accidental disability retirement, the member shall receive a retirement allowance equal to sixty-six and two-thirds percent $(66\,{}^{2}/_{3}\%)$ of the rate of the member's compensation at the date of the member's retirement, subject to the provisions of § 45-21-31." Section 45-21.2-9 (as amended by P.L. 2011, ch. 151, art. 12, § 8 (effective June 29, 2011)).

In addition to amending § 45-21.2-9, the General Assembly also amended eight specific sections of the WCA, namely §§ 28-29-2(4), 28-29-2(5), and 28-29-26; G.L. 1956 §§ 28-30-1 and 28-30-13; §§ 28-35-11 and 28-35-27; and G.L. 1956 § 28-36-5.4. *See* P.L. 2011, ch. 151, art. 12, § 8.

Further, § 45-21.2-9(h) and (i), quoted *supra*, make reference to § 28-35-20, which states in pertinent part:

"(c) At the pretrial conference, the judge shall make every effort to resolve any controversies or to plan for any subsequent trial of the case. * * * Subject to the provisions of § 45-21.2-9(j), the pretrial order shall be effective upon entry. Any payments ordered by it including, but not limited to, weekly benefits, medical expenses, costs, and attorney's fees, shall be paid within fourteen (14) days of the entry of the order." Section 28-35-20.

In comparing the previous avenue of relief afforded to aggrieved parties in disputes concerning an appeal of ADR benefits available in the Superior Court through the APA to the present avenue of relief offered in the WCC, it is clear that

the General Assembly intended to provide a more expansive forum within which claims for ADR benefits are decided and adjudicated. Litigants are now provided with a *de novo* review of the retirement board's decision, which allows the parties to utilize all of the practices and procedures of the WCC. This includes allowing the parties access to the internal workers' compensation court procedures consisting of a pretrial conference as set out *supra* in § 28-35-20(c), an initial hearing, and a full trial on the merits.

However, nowhere in § 45-21.2-9 is there specific authority for the WCC to award attorneys' fees and costs to those aggrieved applicants for ADR benefits whose claims are successful. *See Lang*, 222 A.3d at 915 (concluding that this Court's "ultimate goal is to give effect to the purpose of the act as intended by the Legislature") (quoting *Bluedog Capital Partners, LLC*, 206 A.3d at 699). Indeed, the language of § 45-21.2-9 does not include the terms "attorneys' fees" or "costs." The APA—specifically § 42-35-15—which governs all other appeals of decisions of the retirement board, also does not provide for awards of counsel fees or costs to successful appellants.

As stated *supra*, § 45-21.2-9(f) and subsequent subsections were established to afford an aggrieved applicant with the ability to take an appeal from a decision of the retirement board to the WCC for a *de novo* review, utilizing the "case management procedures and dispute resolution processes" afforded by the WCA.

Section 42-21.2-9(j). Section 45-21.2-9(h) further describes the procedure for pursuing an appeal in the WCC and states that, following the filing of the notice of appeal, "the order of the retirement board shall be stayed pending further action by the court pursuant to the provisions of § 28-35-20."

The next subsection, § 45-21.2-9(i), additionally provides that, upon receipt of the notice of appeal, the WCC shall assign the matter to a judge and issue notice of that assignment as well as "the date for pretrial conference in accordance with § 28-35-20." As such, the statute expressly invokes and affords aggrieved applicants with the hearing structure provided for in § 28-35-20, consisting of a pretrial conference, the issuance of a pretrial order, and the right to claim a trial. *See* § 28-35-20.

However, invocation of the pretrial-hearing process provided for in § 28-35-20 does not confer upon the WCC the statutory authority to award attorneys' fees and costs. The statute merely affords the applicant the ability to be heard in proceedings available to the applicant in the WCC.

Section 28-35-20(c) provides that, at the close of a pretrial conference, the judge must issue a pretrial order granting or denying, in whole or in part, the relief sought. That section further provides that payments ordered by the court are payable within fourteen days, including but not limited to "weekly benefits, medical expenses, costs, and attorneys' fees[.]" Section 28-35-20(c). Based on this language,

- 12 -

the Appellate Division concluded that attorneys' fees can be awarded to an applicant for ADR benefits on appeal from the retirement board.

However, nothing in § 28-35-20 or § 45-21.2-9 expressly empowers the WCC to award fees and costs. Rather than making an award of "weekly benefits, medical expenses, costs, and attorneys' fees" available, § 28-35-20 merely reflects that a pretrial order may encompass such items where they are otherwise made available by law.

If the WCC was independently authorized to award attorneys' fees and costs by virtue of reference to § 28-35-20, then the court would also be authorized to award the other categories of relief referenced, including medical expenses. However, it is clear that an application for an ADR pension does not include a potential award of medical expenses. *See* § 45-21.2-9(k) (stating that when a member qualifies for ADR, "the member shall receive a retirement allowance equal to sixty-six and two-thirds percent (66 2/3%) of the rate of the member's compensation"). Just as medical expenses are not awardable in proceedings before the WCC in appeals from the retirement board merely by virtue of reference to § 28-35-20, neither are attorneys' fees or costs. *See Matter of Falstaff Brewing Corp. Re: Narragansett Brewery Fire*, 637 A.2d 1047, 1050 (R.I. 1994) (holding that, in construing a statute, the Court must "attribute to the enactment the meaning most consistent with its policies and with the obvious purposes of the Legislature"). Accordingly, the

required strict construction of § 45-21.2-9 and its reference to § 28-35-20 leads us to the inescapable conclusion that § 45-21.2-9 unambiguously fails to provide for the award of attorneys' fees. *See Shine*, 119 A.3d at 10 (concluding that "our precedent indicates that a statute must explicitly include attorneys' fees in order for a court to award attorneys' fees pursuant to that statute").

The petitioner argues that *Lang*, cited *supra*, provides binding authority that attorneys' fees are to be awarded in successful ADR benefits cases. In *Lang*, this Court considered whether the WCC had subject-matter jurisdiction over an appeal filed by a firefighter after the retirement board denied his application for ADR benefits based on occupational cancer. *Lang*, 222 A.3d at 914, 916. In that case, Mr. Lang applied for ADR benefits in accordance with § 45-21.2-9. *Id.* at 914. After his application was denied, he appealed to the WCC, which reversed the retirement board's decision and ruled that G.L. 1956 § 45-19.1-1 created a conclusive presumption that cancer in firefighters arises out of and in the course of their employment. *Id.* The Appellate Division affirmed that decision, and MERS sought review to this Court, arguing that the WCC did not have subject-matter jurisdiction over Mr. Lang's appeal from the retirement board.[5] *Id.* at 916.

---

[5] MERS also raised the issue that G.L. 1956 § 45-19.1-1 did not create a conclusive presumption that Mr. Lang's cancer was an occupational disease. *Lang v. Municipal Employees' Retirement System of Rhode Island*, 222 A.3d 912, 918 (R.I. 2019).

- 14 -

We observed in *Lang* that the Legislature used broad language in § 45-21.2-9(j), and we concluded that "all proceedings are subject to chapters 29–38 of title 28, and the statute contains no limiting language." *Id.* at 918. We opined that, if the Legislature had intended to limit the WCC's authority to procedural issues only, it could have provided that proceedings filed in accordance with § 45-21.2-9(j) were subject only to the procedural provisions contained in chapter 35 of title 28. *Id.*

Although we concluded in *Lang* that there was subject-matter jurisdiction over Mr. Lang's claim, we nowhere concluded that § 45-21.2-9 gave statutory authority to award attorneys' fees or costs. The fact that the WCC has jurisdiction over ADR appeals does not mean that it has the authority to award attorneys' fees. Thus, petitioner's contention is of no moment, and we need not be concerned about our holding in *Lang* being applicable to the award of attorneys' fees in ADR claims.

Again, our Court's "staunch[] adhere[nce] to the 'American rule' that requires each litigant to pay its own attorney's fees" requires that there be explicit statutory authority for the award of attorneys' fees. *Tri-Town Construction Company, Inc.*, 139 A.3d at 478. The General Assembly's deliberate silence and the absence of any explicit authority concerning the award of counsel fees and costs in § 45-21.2-9 is significant. *See Rivera v. Employees' Retirement System of Rhode Island*, 70 A.3d 905, 910 (R.I. 2013) ("[W]e are not privileged to legislate, by inclusion, words which

are not found in the statute.") (quoting *Wayne Distributing Co. v. Rhode Island Commission for Human Rights*, 673 A.2d 457, 460 (R.I. 1996)).

Thus, it is clear to us that the General Assembly has not conveyed specific statutory authority upon the WCC to award attorneys' fees and costs in successful ADR appeal claims. *See Eleazer*, 576 A.2d at 1221 (concluding that "the right to collect attorney's fees did not exist at common law and that * * * consequently such fees may be taxed only when there is either specific statutory authority or contractual liability"). We therefore conclude that the Appellate Division of the WCC acted in excess of its statutory authority in concluding that § 45-21.2-9 conferred authority to award attorneys' fees in this case.

## Other Issues

In light of our holding in this case, we need not, and shall not, reach the other issues raised by the respondent.

## Conclusion

For the reasons set forth in this opinion, we quash the decree of the Appellate Division of the WCC. The record may be returned to the WCC with our decision endorsed therein.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Timothy Koback v. Municipal Employees' Retirement System of Rhode Island. |
| **Case Number** | No. 2019-423-M.P.<br>(16-7082) |
| **Date Opinion Filed** | June 24, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Appellate Division of the Workers' Compensation Court |
| **Judicial Officer from Lower Court** | Associate Judge Debra L. Olsson<br>Associate Judge Robert E. Hardman<br>Associate Judge Alfredo T. Conte |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>John M. Harnett, Esq.<br>For Respondent:<br><br>Michael P. Robinson, Esq. |